BEFORE THE FIRST DIVISION, JUNE 2, 1955

**No. 59118.**—Morden Machines Company *v.* United States, protest 214628–K (Portland, Oreg.).

OLIVER, Chief Judge: This case relates to merchandise described on the invoice as "Trade Catalogues," and assessed with duty at the rate of 25 per centum ad valorem under paragraph 31 (b) (2) of the Tariff Act of 1930, as modified by T. D. 52739, as compounds of cellulose, made in chief value from transparent sheets not over 0.003 inch thick. Plaintiff's principal claim is for duty assessment at only 12½ per centum ad valorem under the provision for "charts" in paragraph 1410 of the Tariff Act of 1930, as modified by T. D. 51802. Alternative claims, made by valid amendments to the protest, are for classification either as printed matter, dutiable at 10 per centum ad valorem, or as drawings, dutiable at 12½ per centum ad valorem, under paragraph 1410 of the Tariff Act of 1930, as modified. The alternative claims were not stressed at the trial and are not discussed in plaintiff's brief, so no further reference will be made thereto.

The sole witness in the case was the president of the plaintiff corporation, engaged in the selling and the servicing of equipment used to treat pulp fibers in paper mills. The witness' testimony is largely, if not entirely, a description of the imported merchandise that is supported by the sample itself (plaintiff's exhibit 1). A review of the evidence follows.

The imported merchandise consists of eight cellophane sheets that are fastened together in pamphletlike form. Each sheet has imprinted in the center thereof a colored, photographic illustration of a paperstock-treating machine, or a part thereof. These colored illustrations were prepared by the English producer from shop drawings supplied by plaintiff. An examination of the imported merchandise (exhibit 1, *supra*) discloses that the front sheet and the back sheet depict the machine "as it would appear when completely constructed and sitting in a paper mill." The inner sheets show sections of the machine. The arrangement is such that as each sheet is lifted the succeeding view presents a deeper portion of the mechanism. All of the sheets are numbered. The individual number on each refers to a description bearing a corresponding number in a catalog (plaintiff's exhibit 2), wherein the cellophane sheets under consideration are ultimately inserted.

To support the claim for classification of the merchandise as a chart, counsel for plaintiff, in their brief, cite the cases of *Sheldon & Co. v. United States*, 4 Ct.

Cust. Appls. 42, T.D. 33265, and *Luigi Serra* v. *United States*, 56 Treas. Dec. 818, Abstract 9714. Both of those cases involved merchandise materially different from the articles now before us; hence, each is distinguishable from the present case. Following is a brief outline of each of the cited cases.

The *Sheldon & Co.* case, *supra*, covered certain pictorial illustrations on lithographically printed paper which were designed for the use of students. The illustrations showed the outline, form, and mechanical features of either a locomotive or an automobile. The imported articles included "an accompanying key sheet," that served to identify each of the different parts of the mechanism of the machine or engine. In holding the merchandise to be classifiable under the *eo nomine* provision for "charts," the appellate court referred to several dictionary definitions and quoted as exemplary of all, March's Thesaurus Dictionary of the English Language, wherein the word "chart" is variously defined as "a sheet showing facts, a guiding map, a tabulated instrument, a paper on which information is exhibited." The merchandise under consideration cannot be included within the quoted definition. There is no way of identifying from these cellophane sheets, in their condition as imported, what is being displayed thereon or what information is intended to be exhibited. All information concerning the machine and the parts thereof that are depicted on each of the imported sheets is contained in the catalog, titled "MORDEN—Stock-Maker" (exhibit 2, *supra*). That catalog is not an imported product, but rather a publication prepared in the United States and circulated by plaintiff to promote its sale of a "stock-maker," a machine used for treating all types of pulp and grades of paper.

The *Luigi Serra* case, *supra*, involved diagrams of a steamship, with explanatory printed matter, designed to advise prospective passengers of the location of their rooms. The court, following the *Sheldon & Co.* case, *supra*, held such merchandise to be classifiable under the provision for "charts." The cellophane sheets involved herein are not at all comparable with the diagrams that were under consideration in the *Luigi Serra* case. Hence, the classification invoked therein cannot be applied in this case.

It is a well-established principle that the plaintiff in a classification case is required to prove the correctness of his claim as well as to show that the collector's classification was wrong. *Joseph E. Seagram & Sons, Inc.* v. *United States*, 30 C. C. P. A. (Customs) 150, C. A. D. 227; *United States* v. *Enrique C. Lineiro*, 37 C. C. P. A. (Customs) 5, C. A. D. 410. On the basis of the present record, plaintiff herein has failed to meet its twofold burden. The protest is overruled and the decision of the collector is affirmed. Judgment will be rendered accordingly.