BEFORE THE SECOND DIVISION, DECEMBER 24, 1957

No. 61422.—Sterling International Corporation v. United States, protest 239254–K (New York).

RAO, Judge: The only question involved in this case is the propriety of the collector's assessment of the additional duty of 5 cents per pound provided for in paragraph 924 of the Tariff Act of 1930, as modified by the General Agreement on Tariffs and Trade, 82 Treas. Dec. 305, T. D. 51802, on cotton cloth composed of cotton having a staple length of 1⅛ inches or more.

It is the contention of plaintiff herein that the colored cloth here in issue was composed of cotton having a staple length of only 1¹⁄₁₆ inches, which, being less than 1⅛ inches, is not subject to the additional duty provided for in said paragraph 924.

In support of that contention, plaintiff introduced into evidence the testimony of one Heinrich Pikkemaat, taken pursuant to a commission duly issued from this court. It appears therefrom that Pikkemaat is the export manager of the manufacturer of the merchandise at bar, whose duties consist of the checking of orders received by his company and the issuance of instructions to the factory as to how the orders shall be executed. In connection with the merchandise covered by the invoices at bar, he passed the order on to the factory "with directions for its proper execution as far as type, quality and time limit was concerned." He also "checked its manufacturing and saw that it was ready for shipment on the date specified in the order." This witness stated that, in the performance of his duties, he became aware of the cotton staple used in the production of the cotton cloth at bar and that it was of a staple length of 1¹⁄₁₆ inches.

No samples of the subject cloth were introduced into evidence. Neither is there any evidence tending to establish the qualifications of the witness to ascertain and determine the staple length of the cotton used to manufacture the cloth in issue. His categorical assertion that cotton with a staple length of 1¹⁄₁₆ inches was used stands without a scintilla of proof as to his competency to make such a statement. There is no evidence as to the length of time he was employed by the manufacturer nor as to his personal experience in connection with cotton stapling and cotton manufacturing.

In the case of *James Bute Company* v. *United States*, 33 Cust. Ct. 130, C. D. 1644, wherein a similar issue was before us, we observed:

It thus appears that the issue in this case is confined to the question of what was the length of the staple of the cotton of which the subject cloth was composed. The decision of the collector to the effect that paragraph 924, *supra*, has application to the merchandise at bar is presumptively correct and rests upon the implication that he has found the existence of all facts necessary to sustain his ruling. *United States* v. *I. Magnin & Co., Inc.*, 21 C. C. P. A. (Customs) 77, T. D. 46394; *United States* v. *Marshall Field & Co.*, 17 C. C. P. A. (Customs) 1, T. D. 43309. Accordingly, it must be presumed, at the outset of this inquiry, that the involved cloth contains cotton having a staple of 1⅛ inches or more, to the extent of the percentages hereinabove indicated, and that the plaintiff has the burden of establishing the contrary. That is not to say that the presumption of correctness in and of itself possesses evidentiary value or may be weighed against relevant and material proof proffered by the plaintiff. If a *prima facie* case, adequately meeting all of the material issues in the controversy, is made out, the presumption is destroyed, and the Government has the burden of going forward with affirmative evidence to support the collector's classification. That party then is entitled to prevail in whose favor the proof preponderates.

But a *prima facie* case must be made out and competent evidence introduced to overcome the presumptively correct action of the collector. At the very least, in a highly technical matter of this kind, that evidence should consist of the testimony of one experienced in cotton stapling and qualified to challenge the collector's finding as to length.

The record in this case lacks such evidence, and we are constrained to hold that the presumption of correctness has not been overcome.

By reason of the foregoing, all claims in the instant protest are overruled.

Judgment will be entered accordingly.