(C.D. 3896)

BROADWAY-HALE STORES, INC. *v.* UNITED STATES

United States Customs Court, Second Division

(Decided October 9, 1969)

*Glad & Tuttle* (*Robert Glenn White* of counsel) for the plaintiff.
*William D. Ruckleshaus*, Assistant Attorney General (*Robert T. Richardson*
and *Velta A. Melnbrencis*, trial attorneys), for the defendant.

Before Rao, Ford, and Newman, Judges

Rao, Chief Judge: The merchandise involved in this case consists of place mats imported from Japan and entered at the port of Los Angeles. It was assessed with duty at 42½ per centum ad valorem under paragraph 1529 of the Tariff Act of 1930, as modified. It is claimed that the merchandise is properly dutiable under paragraph 31(b) of said tariff act, as modified, at 25 or 25½ per centum ad valorem, as articles in chief value of cellophane, or under paragraph 1558, as modified, at 10 per centum ad valorem, as unenumerated manufactured articles.

The official papers do not disclose under which subdivision of para-

graph 1529, as modified, the merchandise was classified. Two subdivisions of subparagraph (a) bearing the assessed rate of 42½ per centum are pertinent. Subparagraph (a), as modified by the Sixth Protocol of Supplementary Concessions to the General Agreement on Tariffs and Trade, 91 Treas. Dec. 150, T.D. 54108, contains the following:

> Articles (including fabrics) ornamented:
>
> \*       \*       \*       \*       \*       \*       \*
>
> Provided for in subdivision [6] of paragraph
>     1529 (a) :   (con)
>         Not wholly or in chief value of vegetable fiber_____ 42½% ad val.
>
> \*       \*       \*       \*       \*       \*       \*
>
> Articles (including fabrics) wholly or in part of
>     any product provided for in paragraph 1529
>     (a), Tariff Act of 1930:
>
> \*       \*       \*       \*       \*       \*       \*
>
> Provided for in subdivision [17] of paragraph 1529 (a) :
>         Wholly or in part of all-overs, edgings,
>         flouncings, fluttings, fringes, galloons,
>         gimps, insertings, neck ruffings, ornaments, quillings, ruchings, trimmings,
>         or tuckings, if not in part of lace and
>         not ornamented (except gloves and
>         mittens) _____ 42½% ad val.

The subdivisions refer to those in a Tariff Commission publication entitled "United States Import Duties (1952)." Subdivision [6] covers articles not described elsewhere in the subparagraph.

Paragraph 31(b), as modified by the Torquay Protocol to the General Agreement on Tariffs and Trade, 86 Treas. Dec. 121, T.D. 52739, provides:

> All compounds of cellulose (except cellulose
>     acetate, but including pyroxylin and other
>     cellulose esters and ethers), and all compounds, combinations, or mixtures of
>     which any such compound is the component material of chief value:
> (1)        In blocks, sheets, rods, tubes, powder,
>             flakes, briquets, or other forms,
>             whether or not colloided, not made
>             into finished or partly finished
>             articles:
>         Transparent sheets over 0.003 but
>             not over 0.032 inch thick_____ 22½¢ per lb.
>         Other _____ 20¢ per lb.

(2)      Finished or partly finished articles of
which any of the foregoing is the
component material of chief value,
not specially provided for:

      Made in chief value from trans-
parent sheets, bands, or strips
not over 0.003 inch thick_____ 25% ad val.

      Smokeless powder_____ 30% ad val.

The Sixth Protocol of Supplementary Concessions to the General Agreement on Tariffs and Trade, 91 Treas. Dec. 150, T.D. 54108, has added to subparagraph (2) a provision for other articles at 25½ per centum ad valorem.

Paragraph 1558 of the Tariff Act of 1930, as modified by the Torquay Protocol to the General Agreement on Tariffs and Trade, 86 Treas. Dec. 121, T.D. 52739, provides:

Articles manufactured, in whole or in part, not
specially provided for * * * _____ 10% ad val.

A sample of the merchandise was received in evidence as exhibit 1. It consists of a place mat woven of a cellophane-like material and red yarn. The warp threads are extended at each end to form a fringe. An attached label states in part:

WARP    ALL COTTON

WEFT    ALL CELLOPHANE

A laboratory analysis of the cellophane-like material contains the following:

The cellophane like material of the MAT is regenerated cellulose (cellophane).

The cellophane in its unfolded, untwisted, and uncrimped state measures approximately .00025 inches in thickness and 2.0 inches in width.

At the trial, plaintiff called Mrs. Harriet L. Reader, import operations clerk of the plaintiff corporation, a department store. She testified that she was familiar with the merchandise involved herein; that the label had been placed on it in Japan, and that it was sold with the label attached. She said the article was composed of cellophane, cotton, and rayon thread, and that she did not know which component was of chief value.

Counsel for the plaintiff stated at the trial that the examiner who examined the merchandise was no longer with the customs service, and called James T. Pierson, the import specialist who was handling this type of merchandise at the time of the trial. He testified that he had been in the customs service for 17 or 18 years and had held various positions. In March of 1965 (when this entry was liquidated), he was

an assistant to Mr. Farrar who handled liquor, antiques, and religious articles. At a subsequent date he began examining merchandise such as exhibit 1. He testified that at the present time he would classify such merchandise as an ornamented furnishing because he considered the fringe on the two ends ornamentation. He said the fringe was made in the course of manufacturing the article by a continuation of the threads, but that fringes, whether added later or included in the manufacture of the article, were ornamentations.

At the opening of the trial, it was the Government's position that the merchandise had been classified under the subdivision of paragraph 1529(a) which covered ornamented articles. At the second hearing, it was claimed that it had been classified under the subdivision covering articles wholly or in part of fringes. Since duty was assessed under paragraph 1529, which has numerous subdivisions, at a rate provided for in at least two of them, without indicating under which one the assessment was made, there is no presumption that the merchandise was classified under any one of them and no presumption of correctness can attach. *Sterling Button Co.* v. *United States*, 4 Cust. Ct. 213, C.D. 324 (1940), rehearing denied 4 Cust Ct. 524, Abstract 43931 (1940). Nevertheless, it remains plaintiff's burden to establish that its claimed classification is correct and if it fails to do so, the protest must be overruled. *United States* (*Index Industrial Corp., Party In Interest*) v. *National Starch Products, Inc.*, 50 CCPA 1, C.A.D. 809, 318 F. (2d) 737 (1962) ; *United States* v. *Magnus, Mabee & Reynard, Inc.*, 39 CCPA 1, C.A.D. 455 (1951).

In the instant case, therefore, plaintiff is required to establish that the component material of chief value of the within merchandise is an article or material covered by paragraph 31(b), *supra.* The laboratory report indicates that the cellophane-like material is regenerated cellulose; thus the cellophane component is an article composed of a material provided for in paragraph 31(b), *supra.* Cf. *Morden Machines Company* v. *United States*, 34 Cust. Ct. 398, Abstract 59118 (1955) ; *Gillette Safety Razor Co.* v. *United States*, 27 Cust. Ct. 44, C.D. 1346 (1951), rehearing denied 27 Cust. Ct. 321, Abstract 55894 (1951), appeal dismissed 39 CCPA 223 (1951). The question is whether that component is the most valuable one in the mat. It is well settled that the proper method of determining component material of chief value is to ascertain and compare the costs of the separate parts or component materials to the manufacturer at the time they are in such condition that nothing remains to be done to them except to combine them to make the complete article. *United States* v. *Bernard, Judae & Co.*, 15 Ct. Cust. Appls. 172, T.D. 42231 (1927) ; *United States* v. *Rice-Stix Dry Goods Co.*, 19 CCPA 232, T.D. 45337 (1931) ;

*United States* v. *H. A. Caesar & Co.*, 32 CCPA 142, C.A.D. 299 (1945) ; *United States* v. *Jovita Perez et al.*, 44 CCPA 35, C.A.D. 633 (1957) ; *Swiss Manufactures Association, Inc., et al.* v. *United States*, 39 Cust. Ct. 227, C.D. 1933 (1957), appeal dismissed 45 CCPA 129 (1958). Proof of the costs of each component must be presented except where a casual examination of the sample discloses the material of chief value or a *prima facie* showing is made by broad, conclusory statements of a witness who should know. *Kaplan Products & Textiles, Inc.* v. *United States*, 51 CCPA 2, C.A.D. 828 (1963) ; *Wheeler & Miller et al.* v. *United States*, 54 Cust. Ct. 137, C.D. 2521 (1965) ; *John S. Connor, Inc.* v. *United States*, 54 Cust. Ct. 213, C.D. 2536 (1965) ; *Morris Friedman & Co.* v. *United States*, 56 Cust. Ct. 21, C.D. 2607 (1965) ; *Chas. Kurz Co.* v. *United States*, 57 Cust. Ct. 73, C.D. 2733 (1966) ; *Same* v. *Same*, 57 Cust. Ct. 90, C.D. 2735 (1966).

In the instant case there is not a scintilla of evidence as to the value of the materials at the time they were ready for assembling into the complete article. There is no testimony establishing which component material is of chief value. An examination of the sample does not disclose it. The sample is made of yarn and cellophane material in substantial amounts. The label states that the warp is all cotton and the weft all cellophane. The invoice describes the merchandise as "Cotton Place Mats (62% cellophane, 33% cotton and 5% rayon mixed)". Whether these percentages refer to weight, quantity, or value is not indicated.

It is plaintiff's claim that from the assessment of duty on the merchandise at 42½ per centum ad valorem under paragraph 1529, it must be presumed that the articles are not in chief value of cotton on the ground that cotton ornamented articles are dutiable at 50 per centum ad valorem pursuant to paragraph 1529(a), as modified by the Protocol of Terms of Accession by Japan to the General Agreement on Tariffs and Trade, 90 Treas. Dec. 234, T.D. 53865. However, it is not clear that the merchandise was classified as ornamented articles so there is no presumption that the articles are or are not in chief value of cotton. On the record presented, plaintiff has failed to sustain its burden of proving that the imported merchandise is in chief value of cellulose (regenerated cellophane).

Furthermore, it appears from an examination of the sample that the article has fringes on both ends. The fact that the fringes were not produced as a separate entity and then attached to the mats is immaterial. *Rogers Peet Co.* v. *United States*, 42 CCPA 221, C.A.D. 597 (1955). Therefore, the articles involved herein are properly dutiable at 42½ per centum ad valorem under paragraph 1529(a), as modified, *supra*, as articles in part of fringes. Whether or not the merchandise

was classified under this subdivision by customs officials, the correct rate of duty was assessed and plaintiff has suffered no injury. *Donald Peters* v. *United States*, 41 Cust. Ct. 195, C.D. 2042 (1958).

The protest is overruled and judgment will be entered for the defendant.