(C.D. 3947)

PLASTIC SERVICE CO. *v.* UNITED STATES

United States Customs Court, First Division

529

(Decided December 30, 1969)

*Stein & Shostak* (*Leonard M. Fertman* of counsel) for the plaintiff.

*William D. Ruckelshaus*, Assistant Attorney General (*Robert T. Richardson* and *Peter J. Baskin*, trial attorneys), for the defendant.

Before Watson, Maletz, and Re, Judges

Maletz, Judge: This case involves the question as to the proper tariff levy to be imposed on articles invoiced as key chains that were imported from England, Holland and Denmark and entered at the port of Los Angeles. The individual article is tubular and pen-shaped in appearance and measures approximately 3½ inches in length and ¼ inch in diameter. It is tapered throughout the entire length, with the larger end containing a small hole into which a bead chain to hold keys may be inserted. The greater portion of the article is transparent. Visible in the interior are small figures of a boy and girl that move, as the article is tilted, from one end to the other through a viscous-type solution. The background for these figures is a painted representation on opaque material of the New York World's Fair of 1964–65. Also in the interior, and on the other side of this representation, is a printed advertisement for the New York World's Fair.

The merchandise was classified by the government under item 740.35 of the Tariff Schedules of the United States as "[j]ewelry and other objects of personal adornment * * * and parts thereof," and assessed with duty at the rate of 55 percent ad valorem.

Plaintiff claims the merchandise is properly classifiable under item 774.60 of the tariff schedules as articles not specially provided for, of rubber or plastics, and therefore dutiable at only 17 percent ad valorem.[1]

We start with the basic principle that in a tariff classification case the plaintiff has the twofold burden of proving that the government's classification is erroneous and establishing the correctness of its own affirmative claim. E.g., *Joseph E. Seagram & Sons, Inc.* v. *United States*, 30 CCPA 150, 157, C.A.D. 227 (1943); *United States* v. *H. V. Albrecht, et al.*, 27 CCPA 112, 117, C.A.D. 71 (1939). In this case we need not consider whether or not the classification is erroneous. For on the record before us it is apparent that plaintiff has failed to affirmatively establish the correctness of its claimed classification under item 774.60.

Plaintiff claims that the imported articles are "of * * * plastic"— i.e., that plastic is the component material of chief value.[2] Plaintiff,

---

[1] Item 774.60 covers: "Articles not specially provided for, of rubber or plastics: * * * Other."

[2] There is no dispute in the present case that the term "of," as used in item 774.60, means that the article is wholly or in chief value of the named material. See General Headnotes 9(f)(i) and 10(f) of the tariff schedules.

however, has presented no competent evidence of component material of chief value. Indeed, the only testimony even bearing on this matter is a statement by plaintiff's witness that the merchandise is made of "[p]lastic, cellulose, acetate."

The proper method, of course, of determining component material of chief value is to ascertain the costs to the manufacturer of the separate parts of the article at the time they are ready to be combined into the completed article. E.g., *United States* v. *Bacharach*, 18 CCPA 353, 355, T.D. 44612 (1931) ; *United States* v. *Rice-Stix Dry Goods Co.*, 19 CCPA 232, 234, T.D. 45337 (1931) ; *Commercial Adolfo S. Pagan, Inc.* v. *United States*, 48 Cust. Ct. 210, 216, C.D. 2337 (1962) ; *Ross Products, Inc.* v. *United States*, 52 Cust. Ct. 51, 55, C.D. 2435 (1964) ; *Remco Industries, Inc.* v. *United States*, 60 Cust. Ct. 565, 572, C.D. 3460, 285 F. Supp. 117, 121–22 (1968) ; *Rausch* v. *United States*, 60 Cust. Ct. 654, 658, C.D. 3487, 286 F. Supp. 576, 579 (1968) ; *Pico Novelty Co., Inc., et al.* v. *United States*, 62 Cust. Ct. 341, C.D. 3759 (1969).

In the present case, plaintiff has presented no evidence whatever as to the costs to the manufacturer of the separate parts of the imported article at the time they were ready to be assembled and combined into the completed article. It is true that "[i]t is not necessary to offer evidence of comparative costs to prove what component material is of chief value when the most casual examination of the article shows that only one material can be." *John S. Connor, Inc.* v. *United States*, 54 Cust. Ct. 213, 218, C.D. 2536 (1965). See also e.g., *Morris Friedman & Co.* v. *United States*, 56 Cust. Ct. 21, 29–30, C.D. 2607 (1965) ; *Broadway-Hale Stores, Inc.* v. *United States*, 63 Cust. Ct. 194, C.D. 3896 (1969). Here, however, an examination of the sample shows that the completed article is composed of some plastic, a viscous-type solution which is obviously not water, a small metal ring, and printed matter on an unknown material. Manifestly, such examination does not make it plainly evident that plastic is the component material of chief value.

The protest is overruled and judgment will be entered accordingly.