(C.D. 4032)

DAVIES, TURNER & CO. *v*. UNITED STATES

United States Customs Court, First Division

(Decided June 9, 1970)

*Allerton deC. Tompkins* (*Irving Levine* of counsel) for the plaintiff.
*William D. Ruckelshaus*, Assistant Attorney General (*Arthur H. Steinberg*, *Patrick D. Gill*, and *Velta A. Melnbrencis*, trial attorneys), for the defendant.

Before WATSON, MALETZ, and RE, Judges

MALETZ, Judge: This case involves a protest against the assessment of duties on battery-operated model airplane motors imported from Japan. They were assessed at the rate of 35 percent ad valorem under the provision for toys not specially provided for in paragraph 1513 of the Tariff Act of 1930, as modified, T.D. 52739.[1]

Plaintiff claims the motors are not toys under the statute and should be classified as articles having as an essential feature an electrical element or device, in chief value of metal, at a duty of 13¾ percent ad valorem under paragraph 353 of the 1930 act, as modified, T.D. 52739.[2]

The imported article consists of a motor, a battery case, a bracket, a clip, a cotton wick (approximately 20 inches long), and a bag of small parts (screws, washers, nuts, etc.). The motor measures approximately 1½" x 1½" and appears to be made of metal and plastic. Visible on the exterior is a pinion and gear, two electrical wires with electrical contacts on the ends, and a plastic electrical connection. There is no way of telling what is inside the motor casing without breaking or destroying the sample. The battery case is rectangular in shape (4½" x 1") and suitable for holding four pen-light batteries. It appears to be made out of tin with a plastic cover at one end.

---

[1] Paragraph 1513 of the Tariff Act of 1930, as modified, T.D. 52739 :
Toys, not specially provided for :

| | | | | | | |
|---|---|---|---|---|---|---|
| * | * | * | * | * | * | * |

    Other (except * * *) _____     35% ad val.

[2] Paragraph 353 of the Tariff Act of 1930, as modified, T.D. 52739 :
Articles having as an essential feature an electrical element or device, such as electric motors, fans, locomotives, portable tools, furnaces, heaters, ovens, ranges, washing machines, refrigerators, and signs, finished or unfinished, wholly or in chief value of metal, and not specially provided for :

| | | | | | | |
|---|---|---|---|---|---|---|
| * | * | * | * | * | * | * |

    Other (except * * *) _____     13¾% ad val.

In a tariff classification controversy, it is fundamental that the plaintiff has the twofold burden of proving that the government's classification is erroneous and establishing the correctness of its own affirmative claim. E.g., *Joseph G. Seagram & Sons, Inc.* v. *United States*, 30 CCPA 150, 157, C.A.D. 227 (1943); *United States* v. *H. V. Albrecht, et al.*, 27 CCPA 112, 117, C.A.D. 71 (1939). Thus, it is the plaintiff's burden to establish its claimed classification and if it fails to do so, the protest must be overruled. *United States, et al.* v. *National Starch Products, Inc.*, 50 CCPA 1, 5, C.A.D. 809, 318 F. (2d) 737, 740 (1962); *United States* v. *Magnus, Mabee & Reynard, Inc.*, 39 CCPA 1, 7, C.A.D. 455 (1951).

In order to be classifiable under paragraph 353, as plaintiff claims, the article must be "wholly or in chief value of metal." The proper method of determining the component material of chief value of an article is to ascertain the costs to the manufacturer of the separate parts of the article at the time they are ready to be combined into the completed article. *United States* v. *Jovita Perez, et al.*, 44 CCPA 35, 39, C.A.D. 633 (1957); *United States* v. *H. A. Caesar & Co.*, 32 CCPA 142, C.A.D. 299 (1945); *United States* v. *Bacharach*, 18 CCPA 353, 355 T.D. 44612 (1931); *United States* v. *Rice-Stix Dry Goods Co.*, 19 CCPA 232, 234, T.D. 45337 (1931); *Plastic Service Co.* v. *United States*, 63 Cust. Ct. 528, C.D. 3947 (1969); *Pico Novelty Co., Inc., et al.* v. *United States*, 62 Cust. Ct. 341, C.D. 3759 (1969). In the present case, there is no evidence of this kind—or indeed any evidence whatever—as to the component material of chief value.[3]

It is true that proof of the costs of each component need not be presented where even a casual examination of the sample discloses the material of chief value. *John S. Connor, Inc.* v. *United States*, 54 Cust. Ct. 213, 218, C.D. 2536 (1965). See also e.g., *Morris Friedman & Co.* v. *United States*, 56 Cust. Ct. 21, 29–30, C.D. 2607 (1965); *Broadway-Hale Stores, Inc.* v. *United States*, 63 Cust. Ct. 194, C.D. 3896 (1969). But this kind of situation is not applicable here. For here, examination of the sample does not make it evident that metal is the component material of chief value. See e.g., *Plastic Service Co.* v. *United States*, 63 Cust. Ct. 528, C.D. 3947 (1969).

We hold, in short, that plaintiff has failed to establish the component material of chief value and thus has not proven the correctness

---

[3] In this connection, it is to be noted that after the trial of the issues, plaintiff successfully petitioned the court to reopen the case for the purpose of presenting evidence as to the component material of chief value; however, after such leave was granted, the case was resubmitted without any additional evidence being offered. Thus, plaintiff concedes in its brief (p. 6) that it "has not been able to establish by agreement (stipulation) that these motors are in chief value of metal, or to locate a person in the employ of the manufacturer who would be qualified to establish this fact by deposition."

of its affirmative claim. In that circumstance, we need not reach the question as to whether the government's classification is errroneous. See e.g., *Plastic Service Co.* v. *United States, supra; Rudolph Miles* v. *United States*, 64 Cust. Ct. 151, C.D. 3974 (1970).

The protest is overruled, and judgment will be entered accordingly.