(C.D. 4037)

GAMBLE & VARGISH & CO. *v.* UNITED STATES

United States Customs Court, Third Division

(Decided June 17, 1970)

*Glad & Tuttle (Robert Glenn White* of counsel) for the plaintiff.
*William D. Ruckelshaus,* Assistant Attorney General *(Brian S. Goldstein* and *Andrew P. Vance,* trial attorneys), for the defendant.

Before RICHARDSON, LANDIS, AND ROSENSTEIN, Judges; LANDIS, J., concurring

ROSENSTEIN, Judge: The importations under protest herein, described by plaintiff as "money clips" and by defendant as "money-clip

knives", are thin oblong metal articles, approximately 2 inches by 1 inch by ⅛ of an inch, consisting of a metal housing enclosing a nail file and knife blade which can be pulled out and folded back, much in the manner of a pocket knife. Affixed to the back of the article is a money clip; the front has a border design.

Plaintiff's exhibits 1 and 2, which were received in evidence as illustrative of the articles at bar, appear to be identical except for the border design on the front. The sole witness herein, the owner of the importing company, agreed that the exhibits do not differ in any way from the "money clips" listed on the invoice.[1] He testified that he imports only one type. In fact, the exhibits "could be out of any shipment or out of this shipment" (R. 7). The different numbers listed on the invoice for the merchandise at bar refer only to the border designs on the front of the articles.

This merchandise, imported in 1964, was classified under TSUS item 649.77, which provides for pen knives, pocket knives and other knives which have folding blades or attachments, and was assessed with duty at 9 cents each plus 27½ per centum ad valorem.

Although asserting that the importations are of stainless steel, plaintiff claims that they are dutiable at 24 per centum ad valorem under TSUS item 740.10 as other "small articles ordinarily carried in the pocket * * * for mere personal convenience, * * * of precious metal * * *". Plaintiff claims, alternatively, that if held to be precluded from classification thereunder by reason of their steel content, the articles are dutiable at 19 per centum ad valorem under TSUS item 657.20 as other "articles of iron or steel, not coated or plated with precious metal".

The relevant provisions of the tariff schedules read as follows:

Schedule 6, Part 3:

Pen knives, pocket knives, and other knives, all the
    foregoing which have folding or other than fixed
    blades or attachments; and blades, handles, and
    other parts thereof:
      Knives:

*     *     *     *     *     *     *

[Classified] 649.77     Valued over $1.25 but not
                  over $3 per dozen _____ 9¢ each + 27.5%
                                     ad val.

---

[1] The official papers were not offered in evidence.

Schedule 7, Part 6:

Jewelry and other objects of personal adornment, and small articles ordinarily carried in the pocket, in the handbag, or on the person for mere personal convenience, all the foregoing, and parts thereof, of precious metal (including rolled precious metal), of precious stones, of natural pearls, of precious m e t a l (including rolled precious metal) set with semiprecious stones, cameos, intaglios, amber, or coral, or of any combination of the foregoing:

| | | | |
|---|---|---|---|
| | 740.05 | Of silver * * * | 55% ad val. |
| [Claimed] | 740.10 | Other | 24% ad val. |

Schedule 6, Part 3:

Articles of iron or steel, not coated or plated with precious metal:

\* \* \* \* \* \* \*

Other articles:

| | | | |
|---|---|---|---|
| | 657.15 | Of tin plate | 12% ad val. |
| [Claimed] | 657.20 | Other | 19% ad val. |

It is a basic principle in tariff litigation that plaintiff has the two-fold burden of proving the government's classification to be erroneous and establishing the correctness of its own claim. *Western Stamping Corporation* v. *United States (Louis Marx & Co., Inc., Party in Interest)*, 57 CCPA 6, C.A.D. 968 (1969) ; *Maher-App & Co., et al.* v. *United States*, 57 CCPA 31, C.A.D. 973 (1969). In this case we need not consider whether or not the classification is erroneous. On the record before us it is apparent that plaintiff has failed to affirmatively establish the correctness of either of its claims. See *Plastic Service Co.* v. *United States*, 63 Cust. Ct. 528, C.D. 3947 (1969).

The superior heading to item 740.10 requires the articles provided for thereunder to be of precious metal, of precious stones, of natural pearl, or of precious metal set with semiprecious stones, cameos, intaglios, amber, or coral.

Headnote 2 to Schedule 6 of the tariff schedules provides that—

2. For the purposes of the tariff schedules, unless the context requires otherwise—

(a) the term *"precious metal"* embraces gold, silver, platinum and other metals of the platinum group (iridium, osmium, palladium, rhodium, and ruthenium), and precious-metal alloys; * * *

As plaintiff has presented no evidence that the imported articles are wholly or in chief value of the named materials, they are precluded from classification under item 740.10.

Item 657.20 applies to articles of iron or steel, not coated or plated with precious metal. There is no dispute that this means that the article must be wholly or in chief value of the named material; in other words, that the article, except for negligible or insignificant quantities of some other material(s), is composed completely of the named material, or that the named material exceeds in value each other single component of the article. See General Headnotes 9(f)(i) and 10(f) of the tariff schedules.

Plaintiff claims that it has established, *prima facie*, that the items at bar are of stainless steel and not of tin plate, thus bringing them within the scope of its alternative claim. The following is the evidence adduced at the trial relating to the metallic content of the imported merchandise:

Q. Mr. Seabury, do you know what Exhibits 1 and 2 are made of?—A. Yes. *They are made of stainless steel.*

MR. GOLDSTEIN: Objection, your Honor, unless the witness has been qualified as to this.

JUDGE WILSON: How long have you been importing this type of money clip?

THE WITNESS: We have been importing this type of money clip since the inception of our business.

THE COURT: About 21 years?

THE WITNESS: About 21 years. There is another reason why I know it is stainless steel and that is because very few imprinters in the United States will touch this because it will break their tools when they try to engrave it.

JUDGE WILSON: Objection overruled.

Q. Mr. Seabury, do you know what tin plate is?—A. Not positively, but I have a general idea, yes.

Q. Have you dealt with merchandise which was of tin plate?—A. No, I have not. [R. 10–11.] [Emphasis added.]

* * * * * * *

Q. Do you know whether the money clips covered by the invoices in front of you were of silver?—A. They can't be of silver. If it were silver, it would tarnish.

Q. Do the money clips you import, do they tarnish?—A. They do not tarnish.

Q. Referring to the portion of Exhibits 1 and 2 which hold the money, do you know whether those are of tin plate?—A. They are not of tin plate.

Mr. Goldstein: Objection, your Honor. We move to strike the answer. The witness has testified that he is not familiar with tin plate.

Judge Wilson: You don't need to be to know that it is not tin plate. Objection overruled.

Q. Was the question answered?—A. I said that it is not tin plate.

Q. How do you know that, Mr. Seabury?—A. Well, *it is made of the same metal that the rest of the money clip is made of* and, as I explained before, the engravers do not like to engrave——

Judge Wilson: What is the other part of the money clip? What is it?

The Witness: This is stainless steel because it breaks the tools of the engraver. [R. 16–17.] [Emphasis added.]

The record falls far short of establishing the witness' competency to testify in this area. Thus, his testimony is of little probative value to establish that the subject merchandise is of stainless steel. *Alltransport, Incorporated, a/c Sterling Novelty Products* v. *United States*, 60 Cust. Ct. 55, C.D. 3258, 278 F. Supp. 746 (1968), and cases cited. See also *United States* v. *C. J. Tower & Sons*, 38 CCPA 131, C.A.D. 450 (1951); *United States* v. *L. Oppleman, Inc.*, 28 CCPA 298, C.A.D. 158 (1941); *Naumes Forwarding Service* v. *United States*, 55 Cust. Ct. 228, C.D. 2580 (1965); *H. H. Elder & Co. and Forest Lawn Co.* v. *United States*, 53 Cust. Ct. 306, Abstract 68877 (1964), rehearing denied, 54 Cust. Ct. 301, Abstract 69013 (1965); *Sterling International Corporation* v. *United States*, 40 Cust. Ct. 403, Abstract 61422 (1957). A mere declaration or conclusion of a witness of an essential ultimate fact in issue, without any corroborating evidence, is not sufficient to overcome the presumption of correctness in favor of the collector's classification. *Kerr, Maurer Company* v. *United States*, 46 CCPA 110, C.A.D. 710 (1959).

But, what is more to the point, the exhibits themselves controvert the witness' testimony and negative *in toto* his assertions as to the metal content of the importations herein. See *United States* v. *Fuchs*

*Shoe Corporation*, 41 CCPA 179, C.A.D. 547 (1953); *East-West Import Co., James G. Wiley* v. *United States*, 35 'Cust. Ct. 31 C.D. 1716 (1955).

When the surfaces of the money clip portions of exhibits 1 and 2 are scraped (using the knife blade of the other exhibit) the top surface is easily removed, revealing a copper colored metal underneath. When the front, or decorative, side of exhibit 1 is scraped, a yellow or brass colored metal appears. No such change appears on the front of exhibit 2.

We do not conjecture as to the nature of these metals or as to the composition of the articles in their entirety. However, three things are indisputable: Exhibits 1 and 2 differ from each other with respect to their metallic components, whatever they may be; exhibits 1 and 2 are not wholly of steel; plaintiff has presented no evidence that steel is the component material of chief value. See *Plastic Service Co.* v. *United States, supra; Commercial Adolfo S. Pagan, Inc., Insular Construction & Supply Co.* v. *United States*, 48 Cust Ct. 210, C.D. 2337 (1962).

We shall refrain from commenting further on this record, but trust that it proves instructive to those charged with administering our tariff statutes and regulations, and to the customs bar.

The claims herein are overruled and judgment will be entered accordingly.

### CONCURRING OPINION

LANDIS, Judge: I concur in the result on the ground that plaintiff has not made out a *prima facie* case supporting a classification under either TSUS item 740.10 or 657.20 claimed in the protest.