(C.D. 4221)

SAMUEL BRILLIANT CO. *v.* UNITED STATES

United States Customs Court, Third Division

(Decided May 19, 1971)

*Princi & Lecomte* (*Philip R. Shea* of council) for the plaintiff.

*L. Patrick Gray, III,* Assistant Attorney General (*Owen J. Rader, Herbert T. Posner* and *Andrew P. Vance,* trial attorneys), for the defendant.

Before RICHARDSON and LANDIS, Judges

RICHARDSON, Judge: The instant case, involving a question of the shortlanding of some 289 cartons of beach sandals manifested in a shipment of 4046 cartons of footwear exported from Hong Kong and imported through the port of Boston, Mass., comes before us a second time for disposition of the issue of shortage. In our initial undertaking at disposition of the issue we were faced with an evidentiary record which contained a commercial document termed an "outturn" which, if given credence, tended to support plaintiff's contention. However, the record as then constituted did not contain the "report of the discharge of cargo" from the importing vessel, the SS Nurith, the prime administrative record bearing on the protest issue, and required under 19 U.S.C.A., section 1515 to be transmitted to the court by the district director with the entry and protest proceeding.

Accordingly, we suspended disposition of the case, and, among other things, directed the district director to transmit the report of the discharge of cargo relating to the subject entry to the court. See *Samuel Brilliant Co.* v. *United States*, 64 Cust. Ct. 577, C.D. 4039, order dated June 19, 1970. The documents comprising the "report of the discharge of cargo" were subsequently transmitted to the court in compliance with the court's directive. And counsel have entered into a stipulation with the court's approval concerning these documents. The stipulation reads:

> It is hereby stipulated and agreed by and between counsel for the respective parties hereto, subject to the approval of the Court as follows:
>
> 1. That the certified duplicate manifest endorsed by Inspector James P. Burns on August 21, 1967, be admitted into evidence as part of the official papers pertaining to Entry No. 40271.
> 2. That the U.S. Customs Discrepancy Report—Shortage Declaration—Post Entry (Form 5931) signed by James P. Burns, Inspector on August 15, 1967, be admitted into evidence as part of the official papers pertaining to Entry No. 40271.
> 3. That the Government may substitute photocopies of the aforementioned documents in lieu of the originals with the red ink notations of the Inspector (which appear black on the photocopies) circled by red ink in order to properly identify them.
> 4. That the Protest enumerated above [Protest No. 68/15015] be resubmitted on this Stipulation.

Examination of the manifest and the shortage certificate executed on customs form 5931 to which reference is made in the stipulation indicates that a total of 289 cartons of footwear were "manifested but not found" at the time of the discharge of cargo from the import-

ing vessel. And under date of August 15, 1967, Inspector Burns declared in customs form 5931 that "Tracers reveal not landed at any U.S. port Unable to account for shortage". Further, under date of August 30, 1967, F. J. Griffin, master or agent of the importing vessel declared on the said customs form 5931 that the 289 cartons of footwear were not landed at the port of Boston.

The foregoing evidence corroborates the total number of cartons of footwear shortlanded as noted in the "outturn" document relied upon herein by plaintiff. Consequently, in view of this evidence and the testimony of the witnesses called on plaintiff's behalf as noted in C.D. 4039 to the effect that the missing merchandise was never received by the importer, we find that the record as now constituted supports the claim of shortage alleged in the protest. The protest is, therefore, sustained.

Judgment will be entered herein accordingly.