(C.D. 4234)

PARKSMITH CORPORATION *v.* UNITED STATES

United States Customs Court, First Division

(Decided June 15, 1971)

*Serko & Sklaroff* (*Dennis M. Lamber, Murray Sklaroff* and *Elizabeth E. Mills* of counsel) for the plaintiff.

*L. Patrick Gray, III*, Assistant Attorney General (*Glenn E. Harris* and *Martin L. Rothstein*, trial attorneys), for the defendant.

Before WATSON, MALETZ, and RE, Judges

MALETZ, Judge: These 11 consolidated protests involve the tariff status of miniature train and auto sets that were imported from Japan at various times during the period from 1959 through 1962. The importations were classified under paragraph 1513 of the Tariff Act of 1930, as modified by T.D. 52739, as toys without spring mechanisms, not specially provided for, and assessed duty at the rate of 35 percent.

Plaintiff contends that the importations are not toys and should be classified according to the component material of chief value under paragraph 397 of the Tariff Act of 1930, as modified. In this connection, plaintiff claimed originally that the imported trains and cars were classifiable under paragraph 397, as modified by T.D. 53865 and T.D. 53877, as articles in chief value of lead, and thus dutiable at 11¼ percent—the minimum rate applicable to such articles. Subsequently, plaintiff was allowed to amend its protests to include an alternative claim that the imports are classifiable under paragraph 397, as modified by T.D. 51802, as articles in chief value of "other metal," i.e., antimony, and thus dutiable at 22½ percent.

The pertinent provisions of paragraph 397—under which plaintiff claims—are as follows:

Claimed under:

Paragraph 397, as modified by T.D. 53865 and T.D. 53877:

Articles or wares not specially provided for, composed wholly or in chief value of lead, but not plated with platinum, gold, or silver, or colored with gold lacquer, whether partly or wholly manufactured__ 1½¢ per lb., but not less than 11¼% nor more than 22½% ad val.

Alternatively claimed under:

Paragraph 397, as modified by T.D. 51802:

Articles or wares not specially provided for, whether partly or wholly manufactured:

\* \* \* \* \* \* \*

Composed wholly or in chief value of iron, steel, lead, copper, brass, nickel, pewter, zinc, aluminum, or other metal \* \* \*

\* \* \* \* \* \* \*

Other (except slide fasteners and parts thereof)_____ 22½% ad. val.

It is basic that in a classification case the claimant must not only prove that the collector's classification was erroneous, he must also establish the correctness of his own affirmative claim. In the present case, we need not consider whether or not the classification is erroneous. For on the record before us, it is apparent that plaintiff has failed to establish the correctness of its claimed classification.

The proper method, of course, of determining component material of chief value is to ascertain the costs to the manufacturer of the separate parts of the article at the time they are ready to be combined into the completed article. E.g., *Plastic Service Co.* v. *United States*, 63 Cust. Ct. 528, 530, C.D. 3947 (1969), and cases cited. In the present case, plaintiff has presented no evidence as to the costs to the manufacturer of the separate parts of the imported article at the time they were ready to be assembled and combined into the completed article. Instead, plaintiff relies on a stipulation of the parties that the imported merchandise "is composed of a combination of plastic, lead, and antimony," and that "[t]he cost of the plastic to the manufacturer, at the time of assembly of these materials, was less than the cost of either the lead or the antimony." However, it is not possible from this stipulation to determine whether the component material of chief value is lead or antimony. And it is not the function of the court to speculate as to what in fact is the component of chief value. E.g., *Strakosh* v. *United States*, 1 Ct. Cust. Appls. 360, T.D. 31453 (1911); *United States* v. *Sheldon & Co.*, 13 Ct. Cust. Appls. 53, 56, T.D. 40880 (1925);*Paillard, Inc.* v. *United States*, 57 Ct. Cust. Appls. 439, 446–47, C.D. 2833 (1966), *aff'd on other grounds* 55 CCPA 31, C.A.D. 930 (1968).

It may be added that the situation in *Paillard* was virtually identical to the situation in the present case. In *Paillard*, the merchandise in issue consisted of certain glass lenses and steel mountings which were assessed as projection lenses. The plaintiff disputed the collector's classification and claimed that the articles were properly classifiable

as manufactures wholly or in chief value of glass at 21 percent ad valorem. The parties agreed that the imported articles were made of glass with a steel mounting, and that the component material of chief value was either glass or steel. Plaintiff offered no proof relating to the component material of chief value, and argued that it did not have to do so because the rate of duty claimed by plaintiff for manufactures of glass, i.e., 21 percent, was higher than the 19 percent rate provided in the statute for articles in chief value of steel. The court while agreeing with plaintiff's contention that the collector's classification was incorrect held that plaintiff had not discharged its burden of proof relating to the component material of chief value. In rejecting plaintiff's contention that it need not establish the material of chief value because it claimed the higher rate of duty for glass rather than the lower rate of steel, Judge Watson, speaking for the court, set forth the following principle that is equally applicable here (57 Cust. Ct. at 447) :

> The court may not speculate as to the component material of chief value of an article when that question is, as appears in this case, a matter of credible, material, and competent evidence, and cannot supply a deficiency in proof which it is the burden of a plaintiff to establish by such competent evidence. * * * For the reasons stated aforesaid, we are of the opinion that plaintiff in this case has failed to establish the correctness of its claim that the involved anamorphic lenses are properly classifiable * * * as manufactures in chief value of glass.

However, plaintiff, in the present case, conceding that it has been unable to prove that the importations are in chief value of lead (which as previously indicated, carries a lower rate of duty than articles in chief value of other metals) says that it waives any such determination by the court. In view of such waiver, plaintiff insists that the imports are dutiable at the higher rate as articles of other metal in accordance with its alternative claim. As support for this argument that its claim for lower duties is thus waivable, plaintiff relies on *Millmaster International* v. *United States*, 57 CCPA 108, C.A.D. 987, 427 F. 2d 811 (1970). In *Millmaster*, one of the issues was whether or not an importer could waive claims for deductions for general expenses and profits under the statutory formula for determining United States value. This formula begins with the United States selling price, from which the importer is provided the statutory right to deduct allowances for expenses and profits. The appellate court held that such deductible allowances are rights intended for importers' benefits and hence could be waived by the importer. The rationale of *Millmaster*, however, is entirely inapplicable here. For here, unlike *Millmaster*, plaintiff had no statutory *right* to the lower duty under the provision

for articles in chief value of lead; indeed, it has expressly conceded that it was unable to prove that claim. And having no right to the lower duty, plaintiff simply had nothing it could waive.

The protests are overruled, and judgment will be rendered accordingly.