(C.D. 4243)

Don W. Snyder Co. *v.* United States

United States Customs Court, Third Division

(Decided July 6, 1971)

*Glad & Tuttle* (*Robert Glenn White* of counsel) for the plaintiff.
*L. Patrick Gray, III,* Assistant Attorney General (*Morris Braverman* and *Michael M. Hunter,* trial attorneys), for the defendant.

Before RICHARDSON and LANDIS, Judges

LANDIS, Judge: In this case plaintiff protests the customs treatment of decorative boxes as usual or ordinary types of shipping or transportation containers, not designed for or capable of reuse, under TSUS (Tariff Schedules of the United States) General Headnote 6(b)(i).[1] The decorated boxes contained four small empty liqueur

---

[1] TSUS, General Headnotes and Rules of Interpretation specify the following treatment for containers or holders:

    6. Containers or Holders for Imported Merchandise. For the purposes of the tariff schedules, containers or holders are subject to tariff treatment as follows:

(1)

glasses and duty was assessed on the cost of said boxes as part of the value of their contents at the special rate for glassware valued not over $1.00 each, chiefly used in the household for serving beverages, dutiable at 50 per centum ad valorem under TSUS item 546.51. The decorative boxes containing the glasses were imported from France in 1965. At the time of exportation, each of the decorative boxes was itself contained in a fitted corrugated brown shipping or transportation type carton.

Plaintiff claims that the decorative boxes should be treated as imported articles and, separate of the glassware, classified and assessed under the tariff heading "Boxes of paper, of paperboard, of papier-mâché, or any combination thereof: Covered or lined with coated paper * * * or with textile fabric," dutiable at 2 cents per pound plus 5 per centum ad valorem under TSUS item 256.48, as amended by Public Law 89–241, 79 Stat. 935.

The decorative box in evidence (exhibit 1) is about 11 inches long, 10 inches wide and 5 inches deep. The lid and bottom of the box are a shiny firehouse red color with gold trim; the sides of the box are gold colored. A design outlined in gold, consisting of two lions holding a coat of arms and the words "Grand Marnier Liqueur," is embossed on and covers the face of the lid which has a closure flap to which a small red ribbon is stapled so that the lid can be pulled open without pinching the fingers. The inside of the lid is a firehouse color red and has the same embossed gold design as described on the outside, but smaller. A loose corrugated piece, red on top and white on the reverse side which covers the contents when the lid is raised, has a small cut out on the

(a) Imported Empty: Containers or holders if imported empty are subject to tariff treatment as imported articles and as such are subject to duty unless they are within the purview of a provision which specifically exempts them from duty.

(b) Not Imported Empty: Containers or holders if imported containing or holding articles are subject to tariff treatment as follows:

(i) The usual or ordinary types of shipping or transportation containers or holders, if not designed for, or capable of, reuse, are not subject to treatment as imported articles. Their cost, however, is, under section 402 or section 402a of the the tariff act, a part of the value of their contents and if their contents are subject to an ad valorem rate of duty such containers or holders are, in effect, dutiable at the same rate as their contents, except that their cost is deductible from dutiable value upon submission of satisfactory proof that they are products of the United States which are being returned without having been advanced in value or improved in condition by any means while abroad.

(ii) The usual or ordinary types of shipping or transportation containers or holders, if designed for, or capable of, reuse, are subject to treatment as imported articles separate and distinct from their contents. Such holders or containers are not part of the dutiable value of their contents and are separately subject to duty upon each and every importation into the customs territory of the United States unless within the scope of a provision specifically exempting them from duty.

(iii) In the absence of context which requires otherwise, all other containers or holders are subject to the same treatment as specified in (ii) above for usual or ordinary types of shipping or transportation containers or holders designed for, or capable of, reuse.

front edge for the finger to remove the piece. The inside of the box has a number of firehouse red inserts of apparent cardboard quality which are fitted in the box in a fashion that makes two shelves or nests approximately 3″ x 2½″, on opposite sides of the box, leaving an over-all center nest 9″ x about 4¼″ with a red colored insert piece to receive and hold a bottle of Grand Marnier liqueur.

In the condition imported, the box contained four small stemmed glasses (each stands about three inches) the shape of a brandy snifter, one in each shelf-nest snug enough to prevent the glasses from breaking in the ordinary handling during shipment. Embossed in gold on each glass is the same design or coat of arms, in miniature, with the name "Grand Marnier" as appears on the lid of the decorative box. The center nest of the decorative box with the insert was empty at the time of importation.

The decorative boxes and contents thereof were imported individually packed and snugly contained in a corrugated carton with the name "Grand Marnier Liquor" on one side (exhibit 2). The testimony [2] establishes that, after importation, the decorative boxes are removed from the shipping cartons, opened, a bottle of Grand Marnier placed in the center nested insert; the decorative box is then closed, repacked in the shipping corrugated carton and with the contents now consisting of a bottle and four stemmed glasses, sold to retailers as a package suitable for a gift in the promotion and sale of Grand Marnier liqueur.

We do not reach the merits of the customs treatment of the decorative boxes as usual or ordinary types of shipping or transportation containers, not designed for or capable of reuse, under TSUS General Headnote 6(b)(i),[3] and overrule the protest for plaintiff's failure to prove that the decorative box would be properly classified under TSUS item 256.48.

It is stipulated that the decorative boxes are covered with surface coated paper. (R. 11.) Plaintiff's claim under TSUS item 256.48 is an inferior heading under the superior heading "Boxes of paper, of paperboard, of papier-mâché, or any combination thereof." The term "of" when used between the description of an article and a material means "that the article is wholly or in chief value of the named material".[4] We find no evidence as would factually support a judgment that these decorative boxes are wholly or in chief value of paper, of paperboard, of papier-mâché, or any combination thereof. Cf. *Bradlow, Inc.* v. *United States*, 66 Cust. Ct. 333, C.D. 4211 (1971); *Michaud, Inc.* v. *United States*, 66 Cust. Ct. 396, C.D. 4222 (1971). The stipulated surface coated paper exterior of exhibit 1 is patently highly

---

[2] Three witnesses testified for plaintiff at Los Angeles. Defendant made no proof.

[3] See, n. 1.

[4] TSUS, General Headnotes and Rules of Interpretation, 9(f)(i).

fashioned and embossed in red and gold color. Casual examination does not show that only one material can be the component material of chief value, or that the boxes are in chief value of a combination of paper, paperboard or papier-mâché. *John S. Connor, Inc.* v. *United States*, 54 Cust. Ct. 213, C.D. 2536 (1965). For all we know, the red and gold color may be imparted by a chemical agent, or the embossing may have contributed significantly to the cost of materials. Exhibit 1 is a potent witness of its character. It does not, however, potently establish of what material it is composed in chief value and we cannot "supply from imagination the essentials in which the proofs are deficient." *United States* v. *Malhame & Co.*, 19 CCPA 164, 171, T.D. 45276 (1931).

This protest is overruled for failure to prove the claim under TSUS item 256.48.

Judgment will enter accordingly.