BEFORE THE FIRST DIVISION, AUGUST 22, 1947

No. 51871.—C. J. Tower & Sons v. United States, protest 126466–K (Buffalo).

MOLLISON, Judge: This case has been submitted for decision upon a stipulation of counsel reading as follows:

It is hereby stipulated and agreed by and between counsel for the plaintiff and the Assistant Attorney General, Attorney for the United States, that the mer- chandise which is described upon the invoices covered by the above entitled protest as "asbestos paper, saturated," and "roofing felt, saturated," and which was assessed at 25% ad valorem under Par. 1501 (d), Tariff Act of 1930 as man- ufactures of which asbestos is the component material of chief value, is in fact roofing paper, saturated, and roofing felt, saturated, respectively and chiefly used for roofing purposes.

The claims in the protest are limited to the items so described on the invoices. Plaintiff waives the right to amend further and the first docket call.

The protest is submitted upon the brief filed herewith by the plaintiff.

Paragraph 1501 (d) of the Tariff Act of 1930 (19 U. S. C. 1940 ed. §1001, par. 1501 (d)) reads as follows:

Par. 1501. (d) All other manufactures of which asbestos is the component material of chief value, 25 per centum ad valorem.

Paragraph 1402 of the same act (19 U. S. C. 1940 ed. §1001, par. 1402), so far as pertinent, reads as follows:

Par. 1402 * * * roofing paper * * * roofing felt * * *, whether or not saturated or coated, 10 per centum ad valorem.

As originally enacted, paragraph 1402 contained a countervailing-duty provision, but this was repealed by §2 (a) of an act approved June 12, 1934, 48 Stat. 944, and is not in issue, the merchandise at bar having been imported subsequent to that date.

Accepting the stipulation as establishing the facts therein recited, it is at once apparent that the merchandise is embraced by each of the two competing pro- visions, for, while it is stipulated to consist of roofing paper and roofing felt, the recitals of the stipulation do not establish that it is not also, in fact, manufac- tures of which asbestos is the component material of chief value, as classified. It appears to be both, and the question is as to the relative specificity of the com- peting provisions of the law.

In the brief filed on behalf of the plaintiff there is cited the well-settled rule of tariff construction that a tariff designation by use prevails over a competing description of a general character, without special limitation as to use or other qualification. *United States* v. *Snow's United States Sample Express Co.*, 8 Ct. Cust. Appls. 351, T. D. 37611; *Drakenfeld & Co.* v. *United States*, 9 id. 124, T. D. 37979; and *United States* v. *A. W. Faber, Inc.*, 16 id. 467, T. D. 43211. It is

also pointed out that the provisions for roofing paper and roofing felt in paragraph 1402 are *eo nomine* designations by use.

The foregoing rule of construction is frequently resorted to in order to determine which of two competing provisions of a tariff statute controls when both cover the merchandise in question—in other words, to determine which of the two competing provisions is the more specific. The rule is based upon the theory that while both provisions may embrace the merchandise, they are not equally comprehensive, one being narrower than the other. As is seen, the rule itself states that it is applicable only when the "competing description of a general character" is "without special limitation as to use or other qualification," and to this may be added the well-recognized bar to the use of all rules of statutory construction that they are not applicable where the intent of Congress is shown to be contrary thereto.

With the foregoing in mind, we observe that the "competing description of a general character" in this instance, viz, paragraph 1501 (d), *supra*, begins with the words "All other," and the thought suggests itself that Congress may have intended, by the use of these words, to invade all other provisions of the tariff act under which manufactures composed in chief value of asbestos might be classified and to preclude the application thereof to such manufactures, limiting their classification to paragraph 1501. Thus, the words "All other" may well be words of qualification or may manifest the Congressional intent suggested above.

This view finds some support in the decision of the Court of Customs and Patent Appeals in the case of *United States* v. *Stone & Downer Co. et al.*, 16 Ct. Cust. Appls. 82, T. D. 42732, which involved a competition between the free-list provision for shingles in paragraph 1660 of the Tariff Act of 1922 and the provision in paragraph 1401 of that act, which was the predecessor of paragraph 1501 (d) of the present act, and which was couched in substantially identical language.

With respect to the scope of the language of paragraph 1401 of the Tariff Act of 1922, covering manufactures of asbestos, the court said:

\* \* \* an inspection of the statute, paragraph 1401, discloses that it was the evident intent of Congress to include therein all manufactures of asbestos. The paragraph does not contain a "not specially provided for" clause, which it would, obviously, have contained if it had been intended that roof covering, made of asbestos, should be elsewhere classified. The Congress plainly had in mind the protection of the American asbestos manufacturing industry, for, by paragraph 1515, unmanufactured and crude asbestos is made free of duty, while, as we have seen, any manufactured product thereof is made dutiable by said paragraph 1401.

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

From a consideration of these various elements of proof it appears that the congressional intent was to limit the meaning of the word "shingles," in paragraph 1660, to articles made, in a tariff sense, of wood. Especially must we come to this conclusion, in view of the fact that paragraph 1401 provides for all other manufactures composed wholly or in chief value of asbestos, from which it seems clear that the Congress did not intend that proof of commercial designation should remove from that paragraph shingles composed wholly or in chief value of asbestos.

In a supplemental brief filed on behalf of the plaintiff it is pointed out by its counsel that the language of the court in the *Stone & Downer* case above quoted was in the nature of *dicta*, since the court had already disposed of the issue by holding that the free-list provision for shingles, under which claim had been made, included only wooden shingles. It was likewise pointed out that the issue was present in the subsequently decided cases of *United States* v. *The Harding Co.*, 21 C. C. P. A. 307, T. D. 46830; *The Harding Co. et al.* v. *United States*, 23 id. 250, T. D. 48109; and *United States* v. *Garlock Packing Co.*, 32 id. 79, C. A. D. 289, and that the views expressed in the quotation were not therein followed.

The defendant has not disputed the construction of the law contended for by the plaintiff in the two briefs filed in its behalf. It would seem, therefore, that the rule relied upon by the plaintiff is applicable to the situation at bar, and we accordingly sustain the protest claim for duty at the rate of 10 percent ad valorem under the provisions of paragraph 1402, *supra*, as to the merchandise described on the invoices as "asbestos paper, saturated," and "roofing felt, saturated."

Judgment will issue accordingly.