**498**

The UNITED STATES, Appellant,

v.

MIRACLE EXCLUSIVES, INC., Appellee.

Appeal No. 81–17.

United States Court of Customs
and Patent Appeals.

Dec. 30, 1981.

J. Paul McGrath, Asst. Atty. Gen., Washington, D.C., David M. Cohen, Director, Joseph I. Liebman, Attorney-in-Charge, and Susan Handler-Menahem, New York City, for appellant.

Louis Schneider, Bernard J. Babb, Herbert Peter Larsen and Angela Pitsaris, New York City, for appellee.

Before MARKEY, Chief Judge, and RICH, BALDWIN, MILLER and NIES, Judges.

RICH, Judge.

This appeal is from the judgment of the United States Court of International Trade, 1 CIT ——, 516 F.Supp. 33 (1981), holding that imported seed germination tray sets classified under item 772.15, Tariff Schedules of the United States (TSUS), are entitled to free entry under item 666.00, TSUS. We affirm.

The relevant statutory provisions are:

Classified:

> Articles chiefly used for preparing, serving, or storing food or beverages, or food or beverage ingredients; and household articles not specially provided for; all the foregoing of rubber or plastics:

| | |
|---|---|
| 772.03 | Salt, pepper, mustard, and ketchup dispensers, and similar dispensers. |
| 772.06 | Plates, cups, saucers, soup bowls, cereal bowls, sugar bowls, creamers, gravy boats, serving dishes, and platters. |
| 772.09 | Trays. |
| 772.15 | Other. |

Claimed and held below:

> Schedule 6 Part 4
>
> Subpart C headnote:
>
> 1. The provisions of item 666.00 for "agricultural and horticultural implements not specially provided for" do not apply to any of the articles provided for in schedule 6, part 2, part 3 (subparts A through F, inclusive), part 5 (except item 688.40), or part 6, or to any of the articles specially provided for elsewhere in the tariff schedules * * *.

| | |
|---|---|
| 666.00 | * * * agricultural and horticultural implements not specially provided for * * *. |

## Background

The subject germination tray sets are used chiefly in the home to produce sprouts from seeds. Sprouts are popular and nutritious foods and additions to salads, sandwiches, and the like. The tray sets comprise three plastic trays stacked over a plastic catch basin. The top tray has a plastic lid. In use, seeds are spread on the trays and water is poured into the top tray. Grooves on the upper surface of the flat bottom of each tray retain sufficient water to promote germination of the seeds, while allowing excess water to flow through a drain valve in the bottom of the tray to the trays below, and ultimately into the catch basin. With periodic watering, the seeds grow to edible sprouts within about five days. The tray sets were made in Switzerland and Canada, and marketed in the United States under the names "Biosta" ("The Miracle Garden in your Kitchen") and "Biosnacky Miracle Sprouter."

Upon entry at the Port of New York, the United States Customs Service classified the tray sets under item 772.15, TSUS, and assessed a duty of 11.5 or 8.5 per centum ad valorem, depending on date of entry. Plaintiff-appellee protested, alleging that the tray sets were properly classifiable as agricultural or horticultural implements under item 666.00, TSUS, and thus free of duty. After trial, the Court of International Trade held that no presumption of correctness attached to the government's classification, and that the tray sets were classifiable under item 666.00 rather than item 772.15. Familiarity with the opinion below will be assumed.

## OPINION

■ The first issue to be decided is whether the Court of International Trade erred in refusing to attach a presumption of correctness to the Customs Service classification under item 772.15. Although the presumption is statutory,[1] it is not applied when the Customs Service's classification encompasses multiple categories, even if these categories all come within the same

---

1. Pub.L.No.91–271, Title I, § 116, 84 Stat. 280 (1970), as amended:

   In any matter in the Customs Court:
   (a) The decision of the Secretary of the Treasury, or his delegate, is presumed to be correct. The burden to prove otherwise shall rest upon the party challenging a decision.

28 U.S.C. § 2639(a)(1), effective November 1, 1980, provides for a similar presumption of correctness with respect to civil actions pending on or commenced on or after that date.

provision of the tariff act. *Broadway-Hale Stores, Inc. v. United States*, 63 Cust.Ct. 194, 198, C.D. 3896 (1969). The court below invoked this exception; the government contends this was error. It claims that in the past the exception has applied only when it relied on inconsistent provisions. It asserts that here it is relying on a meaning common to several consistent categories within the same provision. It further contends that the exception is not applicable because appellee was not prejudiced by insufficient notice of the particular category relied upon.

For support, the government cites *United States v. New York Merchandise Co.*, 58 CCPA 53, C.A.D. 1004, 435 F.2d 1315 (1970). There, this court sustained the lower court's determination that the original classification was incorrect, but reversed a determination that the presumption of correctness did not attach to a fallback classification claimed by the government. This court's rationale was that the subsidiary factual determinations necessary for the fallback classification had already been made, presumptively correctly, in making the original classification. Thus, the fallback classification was implicit in the original classification, and the presumption attached to the former.

■ Item 772.15, the tariff provision the government relies on here in its entirety, embraces at least two distinctly different categories. One category includes articles for preparing, serving or storing food. The other contains household articles not specially provided for. Thus, in relying on the entire provision, the government has made a dual classification. It is apparent that neither category within this classification is implicit in the other, as in *New York Merchandise*, and so its rationale does not apply here.[2]

A dual classification is an equivocation. Attaching a presumption of correctness to both categories of a dual classification would reward equivocation by doubling the evidentiary burden a protester must shoulder. This would be unfair and would encourage equivocal classifications. The strength of a classification should reside in its propriety and not in its imprecision. For these reasons, we hold that where, as here, the government relies upon a Customs Service classification which embraces more than one category, and neither category is implicit in the other, no presumption of correctness attaches.

■ The government also points out that there is no evidence here that appellee was prejudiced by a lack of notice of the classification of its merchandise. We agree. Appellee, however, need not rely on a prejudicial lack of notice. Lack of notice weighs against granting the presumption, but it is not necessary. It is a usual but not inevitable consequence of the fundamental consideration that the Customs Service has simply failed to render one and only one classification. Insofar as the government has failed to persuade us of any error in the trial court's excepting the government's classification from the presumption of correctness, we agree with that holding.

■ Although no presumption of correctness applies in this case, appellee-plaintiff nevertheless had to establish below that the classification it advanced was proper. Imports included under item 666.00, TSUS, must be either agricultural or horticultural implements. The term "agricultural implements" in item 666.00 and its predecessors has been liberally construed. *United States v. S.S. Perry*, 25 CCPA 282, 286–87, T.D. 49395 (1938) (celluloid poultry legbands held agricultural implements). The term has been held broad enough to embrace implements used to produce food from a kitchen

---

**2.** The other cases cited by the government are equally inapplicable. In *United States v. John V. Carr & Son, Inc.*, 61 CCPA 41, C.A.D. 1116, 495 F.2d 771 (1974), an argument addressed to limiting the presumption of correctness was held not to be entitled to consideration due to the failure of its proponent to raise it below, and so was not properly before the court. In *Richard Nelson Co. v. United States*, 71 Cust.Ct. 34, C.D. 4467 (1973), the classification encompassed "nonwoven fabrics, including felts and bonded fabrics." Classification thus turned on a single determination, whether a fabric was nonwoven.

garden. *United States v. Lewis & Conger,* 16 CCPA 91, T.D. 42753 (1928). The Court of International Trade implied without holding that the term "agricultural" is limited to producing food *from soil* or raising domestic animals for food or raiment. The fact that prior cases have held that implements used to produce food from either soil or livestock *are* agricultural does not, however, necessarily make true the proposition that an implement used to produce food from neither soil nor livestock is *not* agricultural. No case cited by the government so holds. Given the broad interpretation which has been accorded the term "agricultural implement," we hold that the tray sets here are agricultural implements. We also agree with the trial court that they are horticultural implements.

The language of Subpart C, headnote 1, applicable to item 666.00, imposes the additional requirement that goods includable therein not be "specially provided for" elsewhere in the tariff schedules. The court below therefore had to determine whether the tray sets were specially provided for under item 772.15. It found that they were not, and we agree. The headnote excepts only items *specially* provided for elsewhere, and item 772.15 is not sufficiently specific to "specially provide" for the articles it contains. *See United States v. Lansen-Naeve Corp.,* 44 CCPA 31, 34, C.A.D. 632 (1957), and *United States v. S.S. Perry,* supra.

*Conclusion*

The judgment of the Court of International Trade that the subject merchandise is properly classifiable under item 666.00, TSUS, is *affirmed.*